IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NEIL LOFQUIST, # M-04121,         )
                                  )
            Plaintiff,            )
                                  )
    vs.                           )     Case No. 13-cv-835-MJR
                                  )
DR. NWAOBASI,                     )
                                  )
            Defendant.            )

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 100-year sentence for murder. Plaintiff claims that Defendant Nwaobasi, a physician, was deliberately indifferent to a serious medical condition.

More specifically, Plaintiff claims that he developed sciatica in September 2011. His problems apparently subsided for a time. However, when his symptoms came back in January 2012, he sought help from Defendant Nwaobasi (Doc. 1, p. 5). He had to wait until March 29, 2012, to get an x-ray. Based on that test, Defendant Nwaobasi told Plaintiff he had mild arthritis, and prescribed "low-dose" pain pills. These did not help, and after Plaintiff suffered for 23 hours without sleep, he fainted.

Plaintiff resorted to using a wheelchair and saw Defendant Nwaobasi a week later. Defendant Nwaobasi told Plaintiff that nothing could be done. By May 2012, Plaintiff's lower left leg muscles had developed paralysis and he suffered from "foot drop." Plaintiff claims that Defendant Nwaobasi "intentionally misdiagnosed" his condition to avoid giving him proper

treatment (Doc. 1, p. 5).

Plaintiff also complains that Dr. Shearing (who is not named as a defendant) refused in May 2013 to renew Plaintiff's ADA medical permits for low gallery, low bunk, and front cuff. Plaintiff believes the denial was in retaliation for Plaintiff's action of filing a grievance on January 31, 2013, over the inadequate medical care. Plaintiff has redeveloped nerve pain, but in August 2013, Dr. Shearing told him he would not treat pain.

Finally, Plaintiff listed Wexford Health Sources, Inc. ("Wexford"), as a Defendant in this action (Doc. 1, p. 1). However, he does not mention this entity again in the body of the complaint. This Defendant was inadvertently omitted from the docket sheet; the Clerk shall be directed to add Wexford as a party.

Plaintiff does not include any request for relief in the complaint (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff's claim against Defendant Nwaobasi for deliberate indifference to his serious medical needs should receive further review. At this stage, the Court cannot discern whether Defendant Nwaobasi's actions were appropriate, merely constituted malpractice, or rose to the level of knowing disregard for a serious risk of harm to Plaintiff.

However, Plaintiff's claim against Defendant Wexford shall be dismissed without prejudice. Defendant Wexford is a corporation that employs Defendant Nwaobasi and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be

held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right.  *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).  *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).  Plaintiff makes no allegation that any individual Defendant acted or failed to act as a result of an official policy espoused by Defendant Wexford.  Therefore, he has failed to state a constitutional claim against Defendant Wexford upon which relief may be granted.

Plaintiff did not include Dr. Shearing in the list of defendants, thus the Court shall not consider the allegations involving him.  If Plaintiff intended to assert a claim against Dr. Shearing, he must do so in an amended complaint, which must be filed according to Federal Rule of Civil Procedure 15(a)(1) and Local Rule 15.1.

**Disposition**

The Clerk is **DIRECTED** to add Wexford Health Sources, Inc., as a party Defendant in this action.

Defendant **WEXFORD HEALTH SOURCES, INC.,** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendant **NWAOBASI**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal

service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28

U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 10, 2013**

s/ MICHAEL J. REAGAN
United States District Judge
